UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
LUIS M. BATISTA, *pro se*, :
:
Petitioner, :
: **MEMORANDUM AND ORDER**
-against- : 14-CV-895 (DLI)(LB)
:
UNITED STATES OF AMERICA, :
:
Respondent. :
-----------------------------------------------------------------x

**DORA L. IRIZARRY, Chief Judge:**

Petitioner Luis Batista ("Petitioner") was convicted in October 2009 of conspiracy to distribute a controlled substance, obstruction of justice, and bank fraud. Petitioner was sentenced to a term of 180 months' imprisonment on June 10, 2010. (Minute Entry for Luis Batista Sentencing, Docket No. 06-cr-265,[1] Dkt. Entry No. 362.) The Second Circuit subsequently affirmed the judgement of his conviction. *United States v. Batista*, 684 F.3d 333 (2d Cir. 2012).

On February 10, 2014, Petitioner filed a motion, *pro se*,[2] pursuant to 28 U.S.C. § 2255, challenging his convictions on the grounds that he received ineffective assistance of counsel. (*See generally* Habeas Petition, Dkt. Entry No. 1.) Currently before this Court are two motions filed by Petitioner *pro se*: (i) a Motion for Discovery, filed on October 2, 2014, and (ii) a Motion to Strike the declaration of former counsel Anthony Ricco, filed on July 21, 2014. (Motion for Discovery, Dkt. Entry No. 23; Motion to Strike, Dkt. Entry No. 13.) For the reasons set forth below, the Motion to Strike is denied and the Motion for Discovery is granted in part.[3]

---

[1] Docket No. 06-cr-265 is the criminal docket relating to the instant motion.

[2] Mr. Batista initiated this habeas action as a *pro se* petitioner, but Bernard V. Klienman, the attorney who represented Mr. Batista during the appeal of his conviction, appeared in this action on January 20, 2016.

[3] On August 19, 2016, Mr. Batista filed a Petition for a Writ of Mandamus in the United States Court of Appeals for the Second Circuit seeking a ruling on his pending motions. With the issuance of this Memorandum

**I.     Motion for Discovery**

Petitioner seeks discovery of the following items: (1) an order requiring the government to turn over all documents relating to any and all pleas offered to Petitioner; (2) a subpoena for Petitioner's cellular and home phone records from August to October 2009; and (3) an order directing Petitioner's former counsel, Mr. Ricco, to provide Petitioner with a complete copy of his defense case file. (*See generally* Motion for Discovery, Dkt. Entry No. 23.) Respondent opposes all three of these discovery requests, asserting that Petitioner has failed to meet the "good cause" requirement for habeas petitioners seeking discovery. (*See generally* Response to Motion for Discovery ("Gov't Response"), Dkt. Entry No. 28.)

A habeas petitioner bears a heavy burden in establishing the right to discovery because, unlike the usual civil litigant in federal court, he is not entitled to discovery as a matter of ordinary course. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Rule 6(a) of the § 2255 Rules specifies that a habeas petitioner is entitled to discovery as outlined in the Federal Rules of Civil Procedure only if the petitioner shows "good cause," but leaves it to the judge in the exercise of her discretion in making a discovery determination. 28 U.S.C. § 2255; *see United States v. Durrani*, 115 F. App'x 500, 503 (2d Cir. 2004) (Summary Order). In evaluating whether a habeas petitioner has shown good cause, a court looks for reasons to believe that the petitioner would be able to show he is entitled to relief "if the facts are fully developed." *Bracy,* 520 U.S. at 908-09. However, a court may choose to deny a request for discovery should a petitioner simply be engaging in a "fishing expedition" without showing specific facts that would support a habeas corpus petition. *Charles v. Artuz,* 21 F. Supp. 2d 168, 169 (E.D.N.Y. 1998).

---

and Order, the Court respectfully recommends to the circuit court that Mr. Batista's mandamus petition should be deemed moot.

Petitioner's second and third requests are moot because: (i) Petitioner already has obtained the phone records he sought (Petitioner's November 30, 2015 Letter at 1, Dkt. Entry No. 41 (stating that he "managed to secure the phone records in question")); and (ii) Mr. Ricco turned over Petitioner's case file to Mr. Kleinman, the attorney Petitioner retained to represent him in this habeas action (Petitioner's March 6, 2015 Letter, Ex. D). However, for the reasons discussed below, Petitioner is entitled to limited discovery from both the government and Petitioner's trial counsel relating to the plea negotiations.

In evaluating whether Petitioner has reached the "good cause" threshold governing habeas discovery, the specificity of his request must be assessed in line with the underlying claim. *Charles*, 21 F. Supp. 2d at 170. As an initial matter, counsel is "strongly presumed" to have rendered adequate assistance, with a high level of deference placed upon the strategic decisions counsel makes. *Strickland v. United States*, 466 U.S. 668, 689 (1984). In establishing an ineffective assistance of counsel claim, Petitioner must first show that the counsel's representation "fell below an objective standard of reasonableness" based on professional norms. *Id.* at 688. In addition, Petitioner also must establish actual prejudice by showing a reasonable probability that the result of the proceeding would have been different but for the ineffective assistance of counsel. *Id.* at 694.

Through his motion, Petitioner seeks information concerning all plea offers made by the government and the dates of those offers. (*See* Motion for Discovery at 2.) According to Petitioner, he was extended an offer on September 14, 2009. (*See id.*) This appears to conflict with the government's representation that a plea offer was extended in mid-August 2009 that expired on August 27, 2009. (*See* Memorandum in Opposition to Petitioner's Habeas Petition at 8 n.3, Dkt. Entry No. 19.) In light of this, Petitioner states that he has "reason to believe that there

3

were in fact two plea offers" and that defense counsel failed to notify and advise Petitioner regarding the additional plea offer extended. (*See* Motion for Discovery at 2.)

"[A]s a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Missouri v. Frye*, 132 S. Ct. 1399, 1408 (2012); *see Id.* (collecting authority supporting the professional practice recommendation that "all" plea offers are communicated). Moreover, if a plea has been offered, a criminal defendant "has the right to effective assistance of counsel in considering whether to accept it." *Lafler v. Cooper*, 132 S. Ct. 1376, 1387 (2012). To date, neither the government nor Petitioner's trial attorneys appear to have addressed directly Petitioner's allegation that two plea offers may have been extended, nor have they indicated the specific dates any plea offers were extended or expired. As such, the Court finds that limited discovery related to the plea negotiations from both the government and Petitioner's trial counsel is appropriate. Accordingly, Mr. Ricco, John Moschella and a representative from the government's trial team shall each file affidavits describing any plea offers made by the government, including the dates on which dates any offers were extended and expired.

## II.     MOTION TO STRIKE

In his Motion to Strike, Petitioner asserts that Mr. Ricco's declaration exceeded the scope of his waiver of attorney client privilege and failed to abide by the unsworn declaration requirements under 28 U.S.C. § 1746. (*See generally* Mot. to Strike.)

### A. Scope of Waiver

Petitioner appears to allege that the declaration filed by Mr. Ricco exceeds the scope of his waiver of attorney-client privilege. (*See* Mot. to Strike at 4.) The attorney-client privilege protects confidential communications between the attorney and client for the purpose of obtaining legal

advice and shields them from discovery. *Local 851 of International Brotherhood of Teamsters v. Keuhne & Nagel Air Freight, Inc.*, 36 F. Supp. 2d 127, 129 n.2 (E.D.N.Y. 1998). However, "[v]oluntary disclosure of privileged communications to a third party results in waiver of the attorney-client privilege . . ." *Id.* at 129. Moreover, "[a]s is well settled, where a habeas petitioner raises a claim of ineffective assistance of counsel, the petitioner waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer." *Douglas v. United States*, 2011 WL 335861, at *1 (S.D.N.Y. Jan. 28, 2011); *see Cox v. Donnelly*, 387 F.3d 193, 201 (2d Cir. 2004) ("[E]xcept in highly unusual circumstances, the assertedly ineffective attorney should be afforded an opportunity to be heard and to present evidence, in the form of live testimony, affidavits, or briefs.") (internal quotation marks omitted).

Petitioner here has waived any privilege over his communications with Mr. Ricco as he admits that he "consented to a limited waiver of his attorney-client privilege in order to allow the Government and his previous counsel to defend against Petitioner's claims." (Motion to Strike at 2 (internal quotation marks omitted).) Moreover, in his habeas petition, Petitioner himself voluntarily disclosed privileged communications in order to bolster his ineffective assistance of counsel claim. (*See generally* Memorandum of Law in Support of Habeas Petition ("Mem. of Law in Support of Pet."), Dkt. Entry No. 1.)

Petitioner's argument that the information disclosed by Mr. Ricco otherwise exceeds "the intended purpose of the affidavit" is without merit. Petitioner raised nine grounds upon which Mr. Ricco's performance allegedly fell below an objective standard of reasonableness: (1) improper insistence that Petitioner not call co-counsel as a witness; (2) subornation of perjury; (3) failure to introduce an exculpatory Federal Bureau of Investigation report into evidence; (4) lack of preparation for cross-examination of a key government witness; (5) failure to challenge the legal

sufficiency of the distribution of ecstasy count in the indictment; (6) failure to seek removal of a sleeping juror; (7) failure to object to the English translation of a Spanish term; (8) failure to object to prosecutor's prejudicial remarks during summation; and (9) unreasonably advising Petitioner to reject the government's plea offer. (Mem. of Law in Support of Pet. at 2-21.) Upon review of Mr. Ricco's declaration, the Court finds that Mr. Ricco has not exceeded the scope of the information he was ordered to provide. (*See generally* Declaration of Anthony L. Ricco ("Ricco Decl."), Dkt Entry No. 12.) Instead, Mr. Ricco refuted each of Petitioner's nine grounds, *in seriatim*, by detailing his efforts to provide Petitioner with quality legal representation. (*See generally* Ricco Decl.) Therefore, Petitioner's motion to strike any portion of Mr. Ricco's declaration is denied.

### B. Unsworn Declaration Requirements Under 28 U.S.C. § 1746

Petitioner further alleges that Mr. Ricco's declaration must be stricken as it fails to meet the standards set forth in 28 U.S.C. § 1746. (Motion to Strike at 2.) § 1746 "allows for the submission of an unsworn declaration to a court if it is subscribed by [the declarant], as true under penalty of perjury, and dated, in *substantially* the following form: . . . I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date). (Signature)." *LeBoeuf, Lamb, Greene & MacRae, L.L.P. v. Worsham*, 185 F.3d 61, 65 (2d Cir. 1999) (emphasis included). Petitioner argues that Mr. Ricco's declaration does not conform to § 1746 because it did not contain the phrase "true and correct." (Motion to Strike at 2.) Petitioner's argument is without merit.

In arguing that the failure to include the phrase "true and correct" invalidates Mr. Ricco's declaration, Petitioner relies on *In re World Trade Center Disaster Site Litigation*, 722 F.3d 483, 488 (2d Cir. 2013). In that case, the Second Circuit held that failure to include the phrase "under penalty of perjury" in a declaration constituted a substantial departure from § 1746 such that the

6

district court did not err in invalidating a declaration that lacked such language. *Id.* Specifically, the court ruled that the substitution of "'subject to punishment,'"—as was used in the declaration at issue—"for 'under penalty of perjury' is a substantial departure from the substance of the declaration provided in § 1746, and thus, does not comply with the statute." *Id.* The court reasoned that "'under penalty of perjury' is an integral requirement of the statute for the very reason that it impresses upon the declarant the specific punishment to which he or she is subjected for certifying to false statements. *Id.* The court did not make any holding regarding the necessity of including the language "true and correct" in a sworn declaration.

The Court finds that Mr. Ricco's affidavit complies with the requirements of § 1746. Mr. Ricco's affidavit began as follows: "Anthony L. Ricco, Esq., pursuant to Title 28, United States Code, section 1746, hereby declares under the penalties of perjury: . . ." (Ricco Decl. at 1.) Although the affidavit does not contain the phrase "true and correct," that does not invalidate the declaration. *See Redman v. New York State Dep't of Corr. Servs.*, 2015 WL 897434, at *1 n.2 (S.D.N.Y. Feb. 23, 2015), *appeal dismissed* (June 3, 2015) (holding that a declaration in substantially the same form as Mr. Ricco's did not invalidate the statute because it "include[d] the words 'under penalty of perjury'"). It may be better practice to include "true and correct" in any declaration to ensure that all of the "substantive elements" of the statute are satisfied. *See In re World Trade Center Disaster Site Litigation*, 722 F.3d at 488. However, the citation to the statute and inclusion of the words "under penalty of perjury" suffices to establish the attorney's acknowledgment that the statement was truthful. Moreover, § 1746 makes clear that the statement quoted in the statue need not be included verbatim, but must be "substantially" in the form provided by the statute. 28 U.S.C. § 1746.

By including (i) "under penalty of perjury," as is required by *In re World Trade Center Disaster Site Litigation*, and (ii) a citation to 28 U.S.C. § 1746, Mr. Ricco's declaration substantially conforms with the statute. Therefore, Petitioner's request to strike Mr. Ricco's affidavit for failure to conform to the statue is denied.

## CONCLUSION

Based on the foregoing, Petitioner's Motion to Strike is denied in its entirety and the Motion for Discovery is granted in part. Accordingly, it is hereby ORDERED that Mr. Ricco, John Moschella and a representative from the government's trial team shall each file affidavits describing any plea offers made by the government, including the dates on which dates any offers were extended and expired. Such affidavits are to be filed no later than October 3, 2016.

SO ORDERED.

Dated: Brooklyn, New York
August 31, 2016

                                                                     /s/
                                                      DORA L. IRIZARRY
                                                         Chief Judge