UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
LUIS M. BATISTA,

       Petitioner,

  -against-

UNITED STATES OF AMERICA,

       Respondent.
------------------------------------------------------------x

**MEMORANDUM AND ORDER**
14-CV-895 (DLI)(LB)

**DORA L. IRIZARRY, Chief Judge:**

  On February 10, 2014, Petitioner filed a motion, *pro se*,[1] pursuant to 28 U.S.C. § 2255, challenging his October 2009 convictions for conspiracy to distribute a controlled substance, obstruction of justice, and bank fraud, on the grounds that he received ineffective assistance of counsel. (*See generally* Petition, Dkt. Entry No. 1.) After Plaintiff challenged the affidavits submitted by his trial counsel and requested additional discovery (*See* Mot. to Strike, Dkt. Entry No. 13; Mot. for Discovery, Dkt. Entry No. 23), on August 31, 2016, this Court denied Petitioner's motion to strike his former attorneys' declarations, but permitted him limited discovery regarding his trial counsel's plea negotiations with the government. *See Batista v. United States*, 2016 WL 4575784 (E.D.N.Y. Aug. 31, 2016) ("August 31 Order"). Specifically, the Court ordered his two trial lawyers and a representative from the government's trial team to file affidavits "describing any plea offers made by the government, including the dates on which any offers were extended and expired." *Id.* at *2.

  Since the August 31 Order, Plaintiff has made three separate applications that currently are before the Court (the "Motions"). First, on September 14, 2016, Petitioner moved to reconsider

---

[1]   Petitioner initiated this habeas action *pro se*. However, Bernard V. Klienman, Petitioner's appellate counsel, appeared in this on his behalf action on January 20, 2016.

the August 31 Order, on the ground that the Court failed to consider the argument raised in the reply brief of his motion to strike the declaration of his former counsel, Anthony Ricco, *i.e.*, that the declaration did not contain a valid signature. (Motion for Reconsideration, Dkt. Entry No. 47.) Second, after the affidavits contemplated in the August 31 Order were filed (*See* Dkt. Entry Nos. 48, 49, 50), Petitioner moved to strike any portion of the affidavits "(1) that goes beyond the scope of the discovery sought by Petitioner and the Court's Order, itself, and (2) where the declarations made are questionable" (Letter from B. Kleinman, Dkt. Entry No. 51 ("Motion to Strike")). Third, on October 28, 2016, Petitioner filed a motion seeking leave to amend the Petition, or otherwise move pursuant to 18 U.S.C. § 3582(c)(2), on the basis he should be resentenced following Amendment 794 to the United States Sentencing Guidelines ("U.S.S.G."), which made changes to the commentary regarding the mitigating role reduction set forth in U.S.S.G. § 3B1.2(a). (Motion to Amend § 2255 Petition, Dkt. Entry No. 52 ("Motion for Leave").)

For the reasons set forth below, the Motions are denied.

## **DISCUSSION**

### **I.**     **Motion for Reconsideration**

In the Motion for Reconsideration, Petitioner principally contends that the Court failed to consider an additional argument in support of his motion that was set forth for the first time in his reply brief. (*See* Reply in Further Support of Motion to Strike, Dkt. Entry No. 21 ("Reply IFSO Mot. to Strike").) In his original motion to strike, Petitioner argued that the affidavits from both Mr. Ricco and Mr. Moschella did not conform to the requirements of 28 U.S.C. § 1746, and that Mr. Ricco's declaration exceeded the scope of Petitioner's waiver of the attorney-client privilege. (*See* Mot. to Strike.) In his reply brief, Petitioner reiterated these arguments, but also noted for the first time that "a more careful examination of Ricco's declaration reveals that the document is

2

devoid of a proper signature" because it "employs a computer generated image of [Mr. Ricco's] name using a cursive font." (Reply IFSO Mot. to Strike at 3.) In the Motion for Reconsideration, Petitioner argues that this Court failed to address this argument. (*See generally* Mot. for Reconsideration.)

As an initial matter, the Court is entitled to disregard any legal argument raised for the first time on reply, particularly since the government had no opportunity to oppose it. *See In re Harris*, 464 F.3d 263, 268 n.3 (2d Cir. 2006); *Ernst Haas Studio, Inc. v. Palm Press, Inc.*, 164 F.3d 110, 112 (2d Cir. 1999) (per curiam). Importantly, in the time since Petitioner filed his Motion for Reconsideration, the Second Circuit Court of Appeals has rejected his arguments as to this issue, noting:

> . . . Petitioner has not demonstrated 'a clear and indisputable' abuse of discretion on the part of the district court because the issues that were not explicably addressed in the August 2016 order were first raised in a reply, Petitioner does not demonstrate that he was clearly entitled to prevail on those issues, and, in any event, mandamus relief is not warranted for the type of error alleged by Petitioner. *See In re Steinhardt Partners, L.P.*, 9 F.3d 230, 233 (2d Cir. 1993) (stating that a mandamus petitioner "must demonstrate a clear and indisputable right to the issuance of the writ, amounting to a clear abuse of discretion or a usurpation of judicial power"); *Ruggiero v. Warner-Lambert Co.*, 424 F.3d 249, 252 (2d Cir. 2005) (holding that the district court had discretion to consider an issue first raised in reply papers); *Keefe ex rel. Keefe v. Shalala*, 71 F.3d 1060, 1066 n.2 (2d Cir. 1995) ("Normally, we will not consider arguments raised for the first time in a reply brief."); *United States v. DiStefano*, 464 F.2d 845, 850 (2d Cir. 1972) ("[M]ere error, even gross error in a particular case, as distinguished from a calculated and repeated disregard of governing rules, does not suffice to support issuance of the writ.").

Mandate, *In Re: Luis Batista*, No. 16-2876 (2d Cir. Dec. 2, 2016), ECF No. 25. Therefore, the Court need not even address this issue. Nonetheless, the Court will proceed to explain why it finds no merit in Petitioner's argument concerning Mr. Ricco's electronic signature.

In addition to the requirements squarely discussed in the August 31 Order, 28 U.S.C. § 1746 also requires an actual signature from the declarant. *See LeBoeuf, Lamb, Greene &*

*MacRae, L.L.P. v. Worsham*, 185 F.3d 61, 65 (2d Cir. 1999) (setting forth requirements of § 1746); *Dilworth v. Goldberg*, 2014 WL 3798631, at *1 (S.D.N.Y. Aug. 1, 2014) (requiring a signature on a verified statement to satisfy § 1746). Under the local rules of this district, an electronic signature of an attorney is considered authentic if filed using the attorney's Electronic Case Filing ("ECF") credentials. *See* E.D.N.Y./S.D.N.Y. Local Civ. R. 5.2(a), *available at* https://img.nyed.uscourts.gov/files/local_rules/localrules.pdf ("A paper served and filed by electronic means in accordance with [the Court's ECF] instructions is, for purposes of Fed. R. Civ. P. 5, served and filed in compliance with the Local Civil Rules of the Southern and Eastern Districts of New York."); E.D.N.Y. cm/ECF User's Guide at 3, 4, *available at* https://img.nyed.uscourts.gov/files/forms/ecf-usermanual.pdf ("Your login and password are your electronic signature.") (emphasis omitted).

Here, although Mr. Ricco's initial declaration was not filed on the docket using his ECF credentials, other factors provide sufficient assurances of authenticity. First, Mr. Ricco submitted his affidavit as a .pdf attachment from his professional email address to this Court's case manager and courtroom deputy. (*See* Declaration of Anthony Ricco, Esq., Dkt. Entry No. 12 ("First Ricco Declaration").) He sent his submission via email only after attempting to file it via ECF and encountering technical difficulties. Moreover, Mr. Ricco followed up his email submission by sending a courtesy copy to this Court's chambers along with a cover letter bearing the letterhead of Mr. Ricco's law firm. Given the declaration was sent via *both* Mr. Ricco's law firm's email account and a letter bearing his firm's letter head, the Court has no reason to doubt that the declaration was made by Mr. Ricco, and Petitioner has not offered one.

Second, Ricco submitted a second declaration—this time through the ECF system using his username and password—that expressly references the First Ricco Declaration. (*See*

Declaration of Anthony Ricco, Esq., at 4, Dkt. Entry No. 48 ("Second Ricco Declaration") ("As stated in my declaration of June 29, 2014, Luis Batista was, in fact, informed of the benefits of accepting a guilty plea in this case and consequences of proceeding to trial by both James Moschella and myself.").) This reference, which was contained in a declaration submitted through ECF thereby fully complying with the signature requirements of § 1746, implicitly confirms the authenticity of the First Ricco Declaration.

Therefore, the Court is satisfied that the authenticity requirements of 28 U.S.C. § 1746 have been satisfied as to the First Ricco Declaration. As a result, the Motion for Reconsideration is denied.

## II.  Motion to Strike

In the Motion to Strike, Petitioner asks the Court to disregard statements made in the affidavits that either: (i) exceed the scope of the discovery sought by Petitioner and the August 31 Order, or (ii) are "questionable." (Mot. to Strike at 2.) Tellingly, however, at no point in the motion does Petitioner identify any portion of any affidavit that he proposes to strike. (*See generally Id.*)[2] Instead, Petitioner uses the Motion to Strike to make a not-so-veiled attack on the August 31 Order itself, which he complains did not give Petitioner what he wanted, but provided only for the production of "self-serving affidavits limited to the recollection of events that transpired over seven years ago." (*Id.*) Petitioner also argues that, "by ordering the Government and Petitioner's former trial counsel (whom are Government witnesses in this action), to file affidavits, in lieu of turning over the relevant documents, it is Petitioner's position that the Court

---

[2] Petitioner only objects generally to (i) "self-serving statements supporting the Government's claims that Petitioner's trial counsel . . . were not ineffective in handling plea offers," and (ii) statements that are "unsupported recollections" without reference to any documents. (*Id.* at 2, 3.) As the statements made by Petitioner's trial counsel regarding their "handling [of] plea offers" is directly responsive to the August 31 Order, the Court declines to strike these statements. Moreover, as discussed herein, Petitioner's trial counsel has represented that they do not possess the documents Petitioner seeks, and the Court has no reason to doubt those representations.

5

afforded the Government an unwarranted opportunity to submit evidence and arguments to which the Government was not entitled, under the August 31, 2016 Order." (*Id.*)

These arguments not only are inapt for a motion to strike, but would hold no weight in any context. As an initial matter, by calling the Court's action "unwarranted," Petitioner clearly seeks to revisit the scope of the discovery ordered by the Court through the August 31 Order. (*See* Mot. to Strike at 2.) The appropriate vehicle for such an argument is not a motion to strike, but rather a motion for reconsideration; notably, the Motion for Reconsideration at issue in this Memorandum & Order did not present this argument, and, therefore, Petitioner has waived it. Moreover, the implication raised by Petitioner that the government somehow received something to which it was not entitled does not make sense because the August 31 Order expressly provided for Petitioner's attorneys to provide certain information, which they did. It is of no significance that the attorneys' statements happen to support the government's position in this action.

The Court notes that, even if it were to reconsider the scope of the August 31 Order, Petitioner has not articulated what additional relief he seeks. On the one hand, Petitioner notes that he originally sought "documents related to any pleas offered to Petitioner," and implies that the August 31 Order should have done more to provide Petitioner with documents he believes exist. (Mot. to Strike at 2.) However, Petitioner also acknowledges that his trial attorneys "both have previously admitted to not being in possession of any records concerning the plea" (*Id.* at 3), and offers no information about what additional documents may exist. Given Plaintiff's trial counsel's attestations and Petitioner's failure to identify what additional discovery might exist to support his Petition, the Court finds that that scope of the August 31 Order was appropriate. The Court will not entertain any additional requests for discovery absent new and extremely compelling information.

For these reasons, the Court finds that Petitioner has failed to show good cause for striking any portion of any of the affidavits submitted in response to the August 31 Order. Accordingly, the Motion to Strike is denied.

## III. Motion for Leave to Amend the Petition

Finally, Petitioner seeks leave to amend his petition, or alternatively, to file a motion pursuant to 18 U.S.C. § 3582(c)(2), to reduce his sentence based on Amendment 794 of the U.S.S.G. *See* Amendment 794, 2016 U.S.S.G., Appx. C. Amendment 794, which became effective on November 1, 2015, when the Petition was pending, revised the commentary associated with § 3B1.2 of the U.S.S.G. concerning whether a criminal defendant is entitled to a decrease in his guideline offense level based on a mitigating role in the offense of conviction. *Id.* Petitioner appears to support his argument that Amendment 794 applies to him by pointing to the decision of a district court in this Circuit that held that Amendment 794 should apply retroactively. (Mot. for Leave at 1 (citing *United States v. Perez*, 2016 WL 4775536 (S.D.N.Y. Sept. 14, 2016).) In *Perez*, a court considering a § 3582(c)(2) claim based on Amendment 794 found that "[i]t appears . . . that [Amendment 794] should be given retroactive effect," because, among other things, the amendment "revises the commentary, which is more consistent with a clarification than a substantive change" to the guidelines. *Perez*, 2016 WL 4775536, at *3 (citing *United States v. Mapp*, 990 F.2d 58, 61 (2d Cir. 1993)).

U.S.S.G. § 3B1.2 allows for a court to reduce a guideline offense level by 2, 3, or 4 points for a defendant "who plays a part in committing the offense that makes him or her 'substantially less culpable than the average participant.'" Amendment 794 (quoting U.S.S.G. § 3B1.2). While Amendment 794 does not change anything about the text of § 3B1.2 itself, it adds to the section's commentary a "non-exhaustive list of factors" a court is to consider in determining whether to

7

make a sentencing adjustment due to a mitigating role. *Id.* The amendment notes that it was adopted in order to a resolve a split among the circuits as to whether a court should consider a defendant's conduct as compared to the average participant in the entire universe of persons participating in similar crimes, or only to the average participant in the crime the defendant was convicted of committing. *Id.* The amendment aligned the U.S.S.G. with the approach previously taken by the Seventh and Ninth Circuits in favor of that taken by the First and Second Circuits. *Id.* Specifically, while the First and Second Circuits previously permitted a district court to compare the "average participant" in § 3B1.2 to "the universe of persons participating in similar crimes," *Id.* (citing *United States v. Santos*, 357 F.3d 136, 142 (1st Cir. 2004); *United States v. Rahman*, 189 F.3d 88, 159 (2d Cir. 1999)), following the amendment, the U.S.S.G. "generally adopts the approach of the Seventh and Ninth Circuits, revising the commentary to specify that, when determining mitigating role, the defendant is to be compared with the other participants 'in the criminal activity.'" *Id.* The amendment further notes that "[f]ocusing the court's attention on the individual defendant and the other participants is more consistent with the other provisions of" the U.S.S.G. that consider the defendant's role in an offense. *Id.*

At the time when this Court sentenced Petitioner, the law of this Circuit clearly permitted the Court to compare Petitioner's conduct to *both* the others involved in the drug scheme in which he participated *and* the universe of all others convicted of participating in similar offenses. Indeed, when the Court issued its decision on whether a mitigating role adjustment was warranted, *United States v. Batista*, 732 F. Supp.2d 82, 86-90 (E.D.N.Y. 2010), *aff'd sub nom. United States v. Hiciano*, 680 F.3d 239 (2d Cir. 2012), *withdrawn from bound volume, and aff'd*, 684 F.3d 333 (2d Cir. 2012), the Court quoted the prevailing Second Circuit interpretation of § 3B1.2, noting that "the defendant's conduct must be minor or minimal as compared to the *average* participant in such

a crime. Accordingly, the fact that a defendant played a minimal or minor role in his offense vis-a-vis the role of his co-conspirators is insufficient, in and of itself, to justify a mitigating role reduction." *Id.* at 86 (quoting *United States v. Carpenter*, 252 F.3d 230, 235 (2d Cir.2001) (emphasis added in *Batista*; internal quotation marks, citations, and alterations from *Carpenter* omitted)).

However, although Amendment 794 may have changed this standard, Defendant is not entitled to a reassessment of the Court's application of § 3B1.2 unless the Sentencing Commission intended for Amendment 794 to apply retroactively. On this point, Defendant notes that the court in *Perez* ruled that the amendment should apply retroactively. *Perez*, 2016 WL 4775536, at *3. Petitioner fails to note, however, that a day before Petitioner filed the Motion for Leave, the district judge in *Perez* changed course and ruled in a different case that the U.S.S.G. "Manual lists the amendments that the Sentencing Commission has decided shall be applied retroactively, and Amendment 794 is not listed. U.S.S.G. § 1b1.10(d). Therefore, the Court has no authority to reduce Morales' sentence under § 3582(c)(2)." *United States v. Morales-Perez*, 2016 WL 6426394, at *2 (S.D.N.Y. Oct. 27, 2016). The court also noted that a Ninth Circuit opinion on which the defendant relied was inapposite because it addressed the amendment in the context of a direct appeal. *Id.* (distinguishing *United States v. Quintero-Leyva*, 823 F.3d 519, 522 (9th Cir. 2016)). On December 19, 2016, the court in the *Perez* ultimately denied the petitioner's motion "for the reasons explained in *United States v. Morales-Perez.*" *United States v. Perez*, 2016 WL 7742745 (S.D.N.Y. Dec. 19, 2016).

Therefore, because (i) the only authority Petitioner relies on to support the Motion for Leave has been overruled, and (ii) it is clear to this Court, as it was ultimately to the court in *Perez* and *Morales-Perez*, that the Sentencing Commission did not intend Amendment 794 to apply

9

retroactively, Petitioner is not entitled to relief on this basis. Finally, and importantly, at sentencing, this Court determined for a number of reasons that Petitioner was not entitled to either a minimal or minor role reduction. The reasons were set forth in this Court's August 9, 2010 Opinion and Order, explaining the Court's sentence and rulings on the parties' objections to the Presentence Report. *See Batista*, 732 F. Supp.2d 82. Accordingly, the Motion for Leave is denied.[3]

## CONCLUSION

For the reasons set forth above, the Motions are denied.

SO ORDERED.

Dated: Brooklyn, New York
August 25, 2017

/s/
DORA L. IRIZARRY
Chief Judge

---

[3] The Court notes that although it cannot say definitively that its determination would not have changed had Amendment 794 been in effect at the time of Petitioner's sentencing, the Court's analysis of § 3B1.2's application to Petitioner did not rely on a comparison to other drug schemes, but rather on Petitioner's culpability as compared with that of his co-conspirators. *Batista*, 732 F. Supp. 2d at 86-90. Indeed, the Court's discussion of this issue consists almost entirely as to Petitioner's conduct compared to that of other key members of Virgillio Hiciano's narcotics organization. *Id*. Therefore, the Court finds it unlikely that its conclusion regarding mitigation would have changed had the amendment to § 3B1.2's commentary been in effect at the time of sentencing.